David A. Devine (AK Bar No. 7906015)
GROH EGGERS, LLC
2600 Cordova Street - Suite 110
Anchorage, AK  99503
Phone:  (907) 562-6474
Fax:     (907) 562-6044
devined@groheggers.com

Attorneys for Plaintiff Great American Assurance Co.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREAT AMERICAN ASSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ALASKA STATE FAIR, INC.<br><br>Defendant. | Case No.  3:10-cv-_____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES GREAT AMERICAN ASSURANCE COMPANY, by and through its attorneys, Groh Eggers, LLC and Tressler LLP, and for its Complaint for Declaratory Judgment, states as follows:

**INTRODUCTION**

1. This lawsuit involves an insurance coverage dispute regarding the application of an exclusion in an insurance policy issued by Great American Assurance Company ("Great American") to Alaska State Fair, Inc. (the "Fair"). The Fair sought defense and indemnity from Great American for a lawsuit seeking damages for an injury

1

caused when a volunteer worker for the Fair fell from a vertical climbing pole used for pole climbing races put on by the Fair. Great American denied coverage, asserting that the loss was not covered by the insurance contract. The insurance contract excludes coverage for any injury arising out of the ownership, operation, maintenance or use of any vertical device or equipment used for climbing. Great American seeks confirmation that the insurance contract excludes coverage because the underlying lawsuit involves an injury arising out of the Fair's ownership, operation, maintenance or use of a vertical climbing pole.

## PARTIES

2. Great American is an insurance company domiciled in Ohio, with its principal place of business in Cincinnati, Ohio.

3. The Fair is an Alaska corporation with its principal place of business in the State of Alaska.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship), as the parties are domiciled in different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in the District of Alaska pursuant to 28 U.S.C. § 1391(a).

## INSURANCE CONTRACT

6. Great American issued to the Fair a commercial general liability policy, Policy Number GLP0000558500805, effective from June 1, 2008 to June 1, 2009

("Policy"). A copy of the Policy is attached as Exhibit A.

7. The Policy provides coverage, subject to all the terms and conditions in the Policy, in pertinent part, as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. ….

8. The Policy contains an endorsement that adds an Amusement Device Exclusion applicable to the commercial general liability coverage. The endorsement states as follows:

> **EXCLUSION - ACTIVITIES AND DEVICES**
>
> This endorsement modifies insurance provided under the following:
>
> > COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> Each exclusion when indicated by an X is added to the policy:
>
> This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" …
>
> __X__    Amusement Device
>
> > Arising out of the ownership, operation, maintenance or use of any amusement device.
> >
> > For purposes of this exclusion, amusement device means any device or equipment a person rides for enjoyment, including, but not limited to, any mechanical or non-mechanical ride, slide, water slide (including any ski or tow when used in connection with a water slide), moonwalk or moon bounce, bungee operation or equipment. Amusement device also includes any vertical device or equipment used for climbing – either permanently affixed or temporarily erected. Amusement device

3

does not include any video arcade or computer game.

## BACKGROUND

9. On July 14, 2010, Joel Stefanski filed a lawsuit against the Fair in the Superior Court for the State of Alaska, Third Judicial District at Anchorage ("Stefanski Lawsuit"). A copy of the Complaint in the Stefanski Lawsuit is attached as Exhibit B.

10. The Complaint in the Stefanski Lawsuit alleges that, in the Fall 2008, the Fair included a lumberjack show, part of which involved participants engaging in a pole climbing race.

11. The Complaint in the Stefanski Lawsuit alleges that the climbing poles were 60 feet long, vertically erect, with 10 feet below ground and 50 feet above ground.

12. The Complaint in the Stefanski Lawsuit alleges that, in 2008, the Fair decided to install two new poles for the lumberjack show, but that instead of removing the existing poles, the Fair chose to cut them in half to utilize them for a pavilion.

13. The Complaint in the Stefanski Lawsuit alleges that, on August 2, 2008, Mr. Stefanski, a volunteer worker at the Fair, was directed to, and did, climb one of the poles to cut off the top half.

14. The Complaint in the Stefanski Lawsuit alleges that, when the top half of the pole began to fall, the base of the pole snapped, and Mr. Stefanski fell to the ground from a height of approximately 20 feet.

15. The Complaint in the Stefanski Lawsuit asserts a claim of negligence against the Fair and seeks damages for Mr. Stefanski's medical expenses, lost income and

impaired earning capacity, pain and suffering, mental distress, permanent disability and disfigurement, costs, interest and attorney's fees.

16. On July 26, 2010, the Fair demanded that Great American defend and indemnify the Fair against the Stefanski Lawsuit.

17. On July 30, 2010, Great American denied coverage because the exclusion in the Policy applies to the Stefanski Lawsuit. As alleged in the Complaint, the wooden pole from which Mr. Stefanski fell is a climbing pole and his injuries arose from the use of that pole. The wooden pole qualifies under the exclusion because it is a "vertical device or equipment used for climbing – either permanently affixed or temporarily erected." Because Mr. Stefanski alleges his injuries arose out of the Fair's "ownership, operation, maintenance or use" of such a device, Great American has no obligation to defend or indemnify the Fair for the lawsuit filed by Mr. Stefanski.

18. The Fair disputes Great American's coverage position.

WHEREFORE, Great American Assurance Company respectfully requests that this Court enter an Order declaring that Great American Assurance Company has no duty to defend or indemnify Alaska State Fair, Inc. against the Stefanski Lawsuit and for any other relief that this Court deems appropriate.

Dated this 15th day of September, 2011.

GROH EGGERS, LLC

Attorneys for Plaintiff Great American

By: s/ David A. Devine
    David A. Devine (AK Bar No. 7906015)
    GROH EGGERS, LLC
    2600 Cordova Street, Suite 110
    Anchorage, AK 99503
    Phone: (907) 562-6474
    Fax: (907) 562-6044
    E-Mail: devined@groheggers.com

    and

    Todd S. Schenk
    Nicolas C. Mesco
    TRESSLER LLP
    233 So. Wacker, 22nd Floor
    Chicago, Illinois 60606